IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| JOSEPH HODGSON<br>12444 Fingerboard Rd.<br>Monrovia, MD 21770 | * | |
| | * | Civil Action No.: 1:25-cv-2437 |
| & | * | |
| KRISTI COOK<br>12444 Fingerboard Rd.<br>Monrovia, MD 21770 | * | |
| | * | |
| Plaintiffs | * | |
| v. | * | |
| STARBUCKS CORPORATION<br>d/b/a STARBUCKS COFFEE CO.<br>2401 Utah Avenue South<br>Seattle, Washington 98134 | * | |
| | * | |
| **SERVE ON**:<br>THE PRENTICE-HALL<br>CORPORATION SYSTEM, MA<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202 | * | |
| | * | |
| Defendant | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT AND REQUEST FOR JURY TRIAL**

NOW COMES the Plaintiff, Joseph Hodgson and Kristi Cook, by and through their attorneys, Stephen A. Markey III and the Law Offices of Markey and Orsi, and hereby file suit against Defendant, Starbucks Corporation d/b/a Starbucks Coffee Co. ("Starbucks") in the above-referenced matter and state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1332, as this case involves diversity of citizenship and the amount in controversy exceeds $75,000.

2. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share all common operative facts with his federal law claims, and the parties are identical. Resolving Plaintiffs' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

3. Venue is proper and Defendant is subject to the personal jurisdiction of this Court because all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b).

## PARTIES & VENUE

4. Plaintiffs, Joseph Hodgson (hereinafter "Hodgson") and Kristi Cook (hereinafter "Cook"), are and were at the time of the incident husband and wife

5. Plaintiffs Hodgson and Cook were at all relevant times, residents of Frederick County, Maryland.

4. Defendant Starbucks Corporation, Inc., doing business as Starbucks Coffee Company (hereinafter "Starbucks" or "Defendant"), is a corporation with its principal place of business in Seattle, Washington, authorized to do business in the State of Maryland, with physical store locations throughout the state, including Fredrick County. At all times relevant to this Complaint, Starbucks owned, operated, and controlled the store located at 3410 Urbana Pike, Frederick, Maryland 21704.

5. The occurrence took place in Fredrick County, Maryland.

## FACTS COMMON TO ALL COUNTS

6. On or about July 30, 2022, at approximately 9:00 a.m., Plaintiff Joseph Hodgson entered the Starbucks located at 3410 Urbana Pike and placed an order at the counter. After confirming that his order was not yet ready, Mr. Hodgson turned and walked into the store's dining area. Shortly thereafter, he heard a Starbucks employee call out that his order was ready. As Mr. Hodgson turned to return to the counter, he immediately tripped over a chair obstructing the walking path and fell forcefully to the floor, sustaining serious injuries.

7. Due to the cramped and overcrowded conditions within the store's dining area, including the improper placement of furniture, Mr. Hodgson suffered severe injuries to his legs, which required surgery and extensive medical treatment.

## COUNT I – NEGLIGENCE

8. Plaintiff, Joseph Hodgson, re-alleges and incorporates by reference all those facts and allegations in paragraphs 1 through 7 above and further alleges:

9. At all times relevant to this Complaint, Defendant Starbucks owned and operated the Starbucks store located at 3410 Urbana Pike in Frederick, Maryland 21704.

10. On or about July 30, 2022, around 9:00 a.m., Joseph Hodgson was a business invitee lawfully on the premises of the Starbucks located at 3410 Urbana Turnpike, Urbana, Maryland 20272 for the purposes of buying coffee. After placing his order, Plaintiff turned around and walked into the dining area of the store and was talking to another customer while waiting for his order. While still waiting in the dining area, Plaintiff heard the barista call out his order. The plaintiff turned around to approach the counter, and his foot was immediately caught

by a chair causing him to fall over the chair. Upon information and belief, the chair had been slid back into the ingress and egress area by a customer getting up from a table.

11. After falling, it became clear to the Plaintiff that the tables and chairs had been set so close to the only ingress and egress area to pick up orders that whenever a customer got up from the table he or she could only do so by pushing the chair into the walkway.

12. After the incident, Plaintiff was advised that the fall was caught on the store's surveillance video showing Plaintiff's foot getting caught by the chair before falling over. The Plaintiff asked for a copy of the video and the request was refused. Shortly after the fall, Plaintiff was contacted by Charles Hogg, an adjuster for Starbucks, who advised he was handling the claim and requested medical information about Plaintiff's injuries. The Plaintiff again asked for a copy of the video. He was advised that a video did exist, by a copy could not be shared with the Plaintiff.

13. By letter dated September 29, 2022, acknowledged by Charles Hogg by letter dated October 21, 2022, Starbucks was advised that it "must preserve all video, photographs or other documents relating to Mr. Hodgson's fall" and that failure to preserve any video, photographs or other documents relating to Mr. Hodgson's fall "may result in a spoliation instruction at trial."

14. At all times relevant to this Complaint, Defendant Starbucks owned, controlled, and was responsible for the oversight, operation, maintenance, and inspection of the subject store, including its dining area. As a business invitee, Plaintiff was owed the highest duty of care by Defendant. This duty included the obligation to maintain and design the premises in a reasonably safe condition and to protect Plaintiff from injuries caused by unreasonable risks that he, through the exercise of ordinary care, would not have discovered on his own.

15. Defendant was further required to ensure compliance with applicable safety standards, including maintaining clear and unobstructed passages for ingress and egress in the dining area. Defendant failed to do so. Specifically, the area where Mr. Hodgson fell was unsafe due to the negligent inspection and maintenance of the dining space, including the improper arrangement of furniture.

16. The above-described incident and Plaintiff's resulting injuries were directly caused by the negligence of Defendant Starbucks. Defendant knew, or in the exercise of reasonable care, should have known of the hazardous condition and design of its premises. Such negligence includes but is not limited to: failure to remove chairs from walking passages; failure to properly maintain the dining area; failure to conduct adequate inspections; failure to warn of the hazardous condition; placing tables and chairs unreasonably close to walking areas that it knew or should have known when customers got up from tables they would necessarily push chairs into the walking area; and failure to maintain safe and unobstructed passages of ingress and egress for patrons, in violation of Defendant's duties under the law and its own internal standards.

17. Defendant breached its duty of care owed to the Plaintiff by failing to maintain the premises in a reasonably safe condition. Specifically, Defendant failed to ensure that the dining area, including the furniture and walking passages, were arranged and maintained in a manner that would prevent hazardous conditions. Despite its obligation to regularly inspect and correct any unsafe conditions, Defendant allowed tables and chairs to be placed such that they created an obstruction in the path of ingress and egress, creating an unreasonable risk of harm. This breach of duty directly resulted in Plaintiff's fall and the injuries sustained.

18. As a direct and proximate result of Defendant's negligence, Plaintiff fell and seriously injured himself. Furthermore, Plaintiff suffered significant injuries to his body and limbs, endured pain and suffering, incurred substantial medical, rehabilitation, and therapy expenses, and sustained other losses including physical and mental anguish.

19. Plaintiff's injuries and damages were caused solely by the negligent acts and omissions of the Defendant Starbucks, without any contributory negligence or assumption of the risk on the part of the Plaintiff.

WHEREFORE, the Plaintiff, Joseph Hodgson, demand judgment against the Defendant Starbucks Coffee Co., in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000) in compensatory damages, plus costs.

## COUNT II – LOSS OF CONSORTIUM

20. Plaintiffs re-allege and incorporate by reference all preceding allegations set forth in Paragraphs 1 through 19 of this Complaint as if fully stated herein.

21. Plaintiffs Joseph Hodgson and Kristi Cook were married at the time of the occurrence and continue to be married.

22. The Defendant's negligence, described throughout this Complaint, caused injury to the marital relationships of the Plaintiffs, including, but not limited to, loss of society, affection, companionship, as well as a significant increase in stress within the household.

WHEREFORE, the Plaintiffs, Joseph Hodgson and Kristi Cook, demand judgment against the Defendant, Starbucks Coffee Co. in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in compensatory damages, plus costs.

Respectfully submitted


*/s/ Stephen A. Markey, III*
Stephen A. Markey, III, Federal Bar No.: 04458
Law Offices of Markey & Orsi
1426 E. Joppa Road
Towson, MD 21286
steve@markeyorsilaw.com
t. 410-583-0755 f. 410-583-0757

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| JOSEPH HODGSON<br>12444 Fingerboard Rd.<br>Monrovia, MD 21770 | * | Civil Action No.: |
| & | * | |
| KRISTI COOK<br>12444 Fingerboard Rd.<br>Monrovia, MD 21770 | * | |
| Plaintiffs | * | |
| v. | * | |
| STARBUCKS CORPORATION<br>d/b/a STARBUCKS COFFEE CO.<br>2401 Utah Avenue South<br>Seattle, Washington 98134 | * | |
| **SERVE ON**:<br>THE PRENTICE-HALL<br>CORPORATION SYSTEM, MA<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202 | * | |
| Defendant | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PRAYER FOR JURY TRIAL**

Plaintiff hereby requests a jury trial in the within-entitled action.

Respectfully submitted

*/s/ Stephen A. Markey, III*
Stephen A. Markey, III, Federal Bar No.: 04458
Law Offices of Markey & Orsi
1426 E. Joppa Road
Towson, MD 21286
steve@markeyorsilaw.com
t. 410-583-0755 f. 410-583-0757